UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-565-MCE |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| OSCAR SAUCEDA CUEVAS, | |
| Defendant. | |

**I.   INTRODUCTION**

Defendant Oscar Sauceda Cuevas has filed a motion for return of certain property that was seized pursuant to the execution of a search warrant and was subsequently forfeited as drug trafficking proceeds and/or property used to facilitate drug trafficking activity.  ECF No. 65. Cuevas alleges in his motion that he is the owner of the subject property and that he did not receive notice of the forfeiture proceedings.  Thus, he claims, the forfeiture proceedings were constitutionally defective and the forfeiture of the property is void.

**II.   FACTS**

In August 2008, a narcotic enforcement task force began investigating drug trafficking activity by Saul Cuevas in the Eastern District of California. ECF No. 1, at 4, ¶ 6. In the course of that investigation, officers observed Saul Cuevas drive to Oscar Cuevas' residence at 2548 Eureka Way, Yuba City, California, walk into an open garage and meet with an individual for less

1

1  than one minute, and then drive to the location of a controlled purchase of narcotics, where
2  methamphetamine was sold to a confidential informant who was cooperating with law
3  enforcement. *Id.* at ¶ 11; ECF No. 52, Exhibit A, at A-1.  A subsequent buy-bust operation was
4  arranged and on November 10, 2008, agents observed Saul again drive to Oscar Cuevas'
5  residence in Yuba City, enter the garage briefly, and then drive to the location of a controlled
6  purchase of methamphetamine.  ECF No. 52, Exhibit A, at A-2, *see also* Affidavit in Support of
7  Criminal Complaint and Arrest Warrant, 2:08-mj-418-DAD.

8       A search warrant was obtained for Oscar's residence which was executed on that same
9  date.  Large quantities of methamphetamine with a concentration of 97.4% purity, handguns, and
10  $100,225 in cash were seized.  ECF No. 52, Exhibit A, at A-3.  In addition to the narcotics, guns
11  and cash, agents seized a 2005 Ford F-150 Supercrew Lariat truck, a 2002 Dodge 1500 Quad Cab
12  truck, and a 1988 Ski Centurion Falcon Sport Bowrider boat and trailer.  *See In rem* Arrest
13  Warrant, 2:09-cv-01459-MCE-KJM, at ECF No 5.[1]  Following notice of administrative
14  forfeitures, Cuevas' attorney submitted a claim as to the property.  Accordingly, a civil forfeiture
15  action was filed on May 27, 2009, as to these vehicles and the cash.  2:09-cv-01459-MCE-KJM,
16  ECF No. 1.  No claim or answer was timely filed in the civil action and on July 17, 2009, a
17  clerk's entry of default was entered.  ECF No. 11.  On October 14, 2009, a magistrate judge's
18  findings and recommendation for default judgment (ECF No. 18) were adopted and a final
19  judgment of forfeiture was entered.  ECF No. 19.

20       In the criminal case, Saul and Oscar Cuevas were indicted on narcotic trafficking charges
21  on December 4, 2008.  2:08-cr-565-MCE, at ECF No. 6.  On March 17, 2011, Oscar pled guilty
22  to Count One charging him with conspiracy to distribute and to possess with intent to distribute
23  500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  ECF
24  No. 52 at 2.  As part of his plea agreement, Oscar admitted to the presence of the narcotics and
25  cash at his residence and to the drug trafficking activities from his residence as described above.
26  ECF No. 52, Exhibit A.  Pursuant to his plea of guilty, Oscar Cuevas was convicted of count one

---

[1] The court takes judicial notice of the pleadings and filings in the civil forfeiture action, 2:09-cv-01459-MCE-KJM.

and sentenced to a prison term of 120 months. ECF Nos. 63, 64. At both his change of plea hearing and his judgment and sentencing hearing, Oscar was represented by attorney Ronald Peters. ECF Nos. 48, 52, 55.

### III.     MOTION FOR RETURN OF PROPERTY

Oscar Cuevas now argues that the forfeiture of the seized cash, trucks, boat and trailer must be set aside and the property returned to him because the government allegedly did not provide him notice of the forfeiture proceedings.[2] Other than his conclusory allegation that he was not provided notice, Cuevas submits no evidence in support of his motion. In contrast, the documentation submitted in opposition to the motion shows that in addition to Oscar Cuevas' attorney of record at the time, Ronald J. Peters having actual notice of the forfeiture (ECF No. 71,[3] Exhibit 27), the government sent by certified mail written notices to Oscar Cuevas at his residence address in Yuba City at the time of his arrest, as well as to his residence at the Sacramento County Jail at the time of commencement of the administrative forfeitures. *Id.*, Exhibits 2 (Yuba City address) and 6 (Jail) as to the cash; Exhibits 15 (Yuba City address) and 17 (Jail) as to the Ford F-150; Exhibits 30 (Yuba City address) and 35 (Jail) as to the Dodge 1500; Exhibits 40 (Yuba City address) and 44 (Jail) as to the boat and trailer. Further, notice by publication was completed as well. *Id.*, Exhibit 22. The efforts to provide notice to Cuevas were obviously effective as his attorney, Ronald J. Peters, submitted an administrative claim on behalf of Oscar Cuevas as to each of the property items. *Id.*, Exhibit 26. The verification of that claim

/////

---

[2] Cuevas does not address the propriety of challenging in this action the judgment entered in the civil forfeiture action, 09-cv-01459-MCE-KJM. Cuevas has not moved within 28 days of the entry of the default judgment and is not entitled to relief under Rule 59(e). Nor has he moved within one year of the entry of the default judgment as required by Rule 60(b). Although Rule 60(b)(4) applicable to a claim that the judgment is void does not subject to the one year limitation, as discussed below, Cuevas fails to establish the predicate for that assertion, i.e. that he was not given notice of the proceedings.

[3] The government submitted the Declaration of Vicki Rashid in opposition to Defendant's motion. ECF No. 69-1. Although the declaration referenced 47 exhibits, only exhibits 1 thru 22 were attached. Accordingly, the court entered a minute order directing that the missing exhibits (23 thru 47) be filed. ECF No. 70. In response, Rashid's declaration was re-filed with all 47 exhibits attached. ECF No. 71.

was personally signed by Oscar Cuevas. *Id*, Exhibit 26 at 2. That claim was submitted to the United States Attorney for the filing of a judicial forfeiture action. ECF No. 71 at 14, ¶ (i).

A civil forfeiture action was filed as each of the property items on May 27, 2009. 09-cv-01459-MCE-KJM, ECF No. 1. Oscar Cuevas' attorney, Ronald J. Peters, was served by certified mail with the verified complaint for forfeiture on May 28, 2009. 09-cv-01459-MCE-KJM, ECF No. 17-1, at 2. Cuevas was also served on that same date by certified mail at his address at the time (Sacramento County Jail). *Id.* Finally, Oscar Cuevas was personally served with the forfeiture complaint at the jail. 09-cv-01459-MCE-KJM, ECF No. 17-1, at 16. Thus, there is no merit to his contention that the forfeiture of the property is void due to lack of notice and his motion must be denied.

Accordingly, it is recommended that defendant's motion for return of property (ECF No. 65) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE