UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:08-CR-00565-MCE |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| OSCAR SAUCEDA CUEVAS, | |
| Defendant. | |

Defendant Oscar Sauceda Cuevas ("Defendant") pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or More of Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and was sentenced on November 3, 2011, to 120 months of imprisonment.  Presently before the Court is Defendant's Motion to Reduce Sentence.  ECF No. 74.  This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motion.  ECF No. 77.[1]  The Government opposes Defendant's request.  ECF No. 84.  For the reasons that follow, that Motion is DENIED.

Defendant seeks to reduce his sentence in light of the United States Sentencing

---

[1] The filing submitted by the Federal Defender's Office more specifically states that it is not "recommend[ing] appointment of counsel in this case." ECF No. 77.  However, that office had already been appointed pursuant to Eastern District General Order 546.  The filing is thus more properly construed as a decision not to add to the record.

Commission's passage of Amendment 782.  Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although Amendment 782 became effective November 1, 2014, it applies retroactively.  See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[2] Id.  In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because, except under circumstances not applicable here, the Court may not resentence Defendant to a sentence that is below the bottom of the amended guideline range. Id., § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the

---

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

minimum of the amended guideline range determined under subdivision (1) of this subsection."). Defendant's original Base Offense Level was 36. Two levels were added for possession of firearms and three levels were deducted for acceptance of responsibility, resulting in a Total Offense Level of 35. With a Criminal History Category II, the guideline range was 188-135 months. The Court varied downward and sentenced Defendant to the mandatory minimum 120 months. Defendant's amended Offense Level would be 33, which, along with a Criminal History Category II, results in a guideline range of 151-188 months. Because the low-end of the adjusted range exceeds Defendant's actual 120-month sentence, Defendant is ineligible for a reduction, and his Motion (ECF No. 74) is DENIED.

   IT IS SO ORDERED.

Dated: March 21, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT